IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES TIMOTHY TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:12-CV-152-WKW |
| | ) |
| PRESIDENT OF THE UNITED STATES, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Plaintiff James Timothy Turner's Motion for Temporary Restraining Order ("TRO"). (Doc. # 2.) For the reasons discussed below, the motion is due to be denied.

On December 27, 2011, Mr. Turner filed a 42 U.S.C. § 1983 "civil rights" complaint in the United States District Court for the Northern District of Alabama, against numerous public officials, and the Dothan Eagle Newspaper ("The Eagle"). On February 21, 2012, this case was transferred to the Middle District of Alabama pursuant to Judge Hopkins's February 7, 2012 Order. (Doc. # 14.) Mr. Turner's complaint presents a wide variety of claims, such as wrongful death, first amendment violations, defamation, libel, and emotional distress. In the motion for TRO, Mr. Turner seeks to restrain at least seven county sheriffs in Alabama, and The Eagle.

(TRO Mot. 2.) Mr. Turner alleges that the sheriffs have threatened and intimidated him and his followers. (TRO Mot. 3.) Also included in Mr. Turner's motion is a solitary paragraph moving the court to restrain The Eagle from publishing any defamatory or libelous articles about him or his followers. (TRO Mot. 4.)

> A temporary restraining order may be issued without notice only if
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order also requires the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating that they are present. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).[1]

Mr. Turner seeks TROs against two different parties, but the procedural defects of each claim are one and the same. Mr. Turner has not satisfied the requirements for Rule 65(b) relief. First, Mr. Turner has not demonstrated that a TRO is necessary to prevent irreparable injury. Second, Mr. Turner has not shown or argued that he will suffer immediate and irreparable injury if Defendants are given an opportunity to

---

[1] These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999).

respond to the motion. Third, he has not certified in writing that he has made any efforts to give notice and the reasons why it should not be required.

Finally, he has not demonstrated a substantial likelihood of success on the merits on either of his claims. Mr. Turner offers nothing substantial[2] in the way of evidence to suggest that he will be the target of future illegal action by any sheriff, or that he will be subjected to future defamatory or libelous publications by The Eagle. There is no evidence or argument offered to show that The Eagle is planning to write anything about Mr. Turner, defamatory or otherwise.

Accordingly, it is ORDERED that the motion for Temporary Restraining Order (Doc. # 2) is DENIED.

DONE this 27th day of February, 2012.

                                                      /s/ W. Keith Watkins
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] No supporting facts for either claim in the TRO are provided by Mr. Turner. A newspaper article discussing the "Sovereign Citizen" movement was attached to the complaint (*see* Doc. # 1 at 18), but Mr. Turner fails to claim association with this group in his complaint, and also fails to specify which statements in the article, if any, are defamatory or libelous. Mr. Turner is never mentioned by name in this article. To the extent that the article discusses a potential police investigation, it is inadmissible hearsay. *See* Fed. R. Evid. 801.