IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES TIMOTHY TURNER,** | \| |
| | \| |
|    PLAINTIFF, | \| |
| | \| |
| VS. | \|    CASE NO. 1:12-CV-152 |
| | \| |
| **PRESIDENT OF THE** | \| |
| **UNITED STATES, et al.,** | \| |
| | \| |
|    DEFENDANTS. | \| |

**MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

Comes now the Defendant identified in the complaint as "Dothan Eagle Newspaper," (hereinafter "*The Dothan Eagle*") and moves pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(c) for judgment on the pleadings. As grounds for this motion, *The Dothan Eagle* states that: (1) the article attached to the complaint does not contain any statement which taken in context is reasonably susceptible of a defamatory meaning under Alabama law; (2) the Plaintiff cannot prove falsity; and (3) the article attached to the complaint is not on its face "of and concerning" the Plaintiff.  In the alternative, *The Dothan Eagle* moves pursuant to Rule 12(b) (6) to dismiss the complaint for failure to state a claim for which relief can be granted. As grounds for these motions *The Dothan Eagle* would state as follows:

1

The Complaint, filed against hundreds of national and local officials, alleges that the "Principle Issue" involved pertains to "juggernaut politics." [Doc. 1, p. 6]. However, it contains a third cause of action mentioning *The Dothan Eagle*. [*Id.* at 8]. In its entirety, the "Third Cause of Action and Fact Four" states:

> "Defendant Dothan Eagle's articles are specious, acrimonious, and malicious. Exhibit l. It is a deliberate design to bring Plaintiff to public hatred, ridicule, odium, humiliation and contempt that is causing emotional and mental distress to Plaintiff. Defendant Dothan Eagle published stories with knowledge that they were false and continued publishing other articles with reckless disregard as to whether they were true or false."

Exhibit 1, attached to the complaint and incorporated therein by reference, is an article published by *The Dothan Eagle* May 21, 2011, entitled: "'Sovereigns" gain attention of law enforcement." [Doc. 1, pp. 18-21]. Also attached as part of Exhibit 1 is what appears to be a letter to the editor dated May 26, 2011, apparently authored by David Oltmans of Midland City, Alabama, which is critical of the article and/or media. [*Id.*, pp. 22-23]. Neither the article nor letter to the editor mentions or refers to Plaintiff.

The third cause of action appears to be an attempt to state a claim for libel under Alabama law. Although the word "libel" is not specifically referenced in the complaint, the complaint sounds as, and should be judged as, a claim for defamation. The elements of a basic defamation case in Alabama require allegations and proof of the: (1) publication of a, (2) false and (3) defamatory,

2

(4) statement of fact, (5) of and concerning the plaintiff, with (6) some degree of fault.  Ala. Pattern Jury Instructions (Civil) § 23.00 (2010).  Under Alabama law, the following issues are considered to be questions of law for a court to decide: (1) whether the statements are reasonably susceptible of a defamatory meaning, Harris v. Sch. Annual Publ'g Co., 466 So. 2d 963, 11 Media L. Rep. 1710 (Ala. 1985); (2) whether a statement is fact or opinion;  (3) whether plaintiff is a public or private figure, Mobile Press-Register, Inc. v. Faulkner, 372 So. 2d 1282, 1284, 5 Media L. Rep. 1108 (Ala. 1979); (4) whether the matter is privileged, O'Barr v. Feist, 292 Ala. 440, 445, 296 So. 2d 152 (1974); Webster v. Byrd, 494 So. 2d 31 (Ala. 1986); and (5) whether evidence is sufficient to support finding of actual malice, Finebaum v. Coulter, 854 So.2d 1120 (Ala. 2003).

To be reasonably susceptible of a defamatory meaning, a false statement must charge an offense punishable by indictment or tend to bring an individual into public hatred, contempt, or ridicule; or charge an act odious and disgraceful in society.  This general definition may be said to include whatever tends to injure the reputation of an individual, blacken their reputation, or impute fraud, dishonesty, corruption, or other moral turpitude, or reflect shame, or tends to put them without the pale of social intercourse.  White v. Birmingham Post Co., 233 Ala. 547, 172 So. 649 (1937).

The statements in the article and letter to the editor attached to the complaint are not reasonably susceptible of a defamatory meaning toward Plaintiff. There is no content that even suggests that Plaintiff is a member of the "Sovereign's Movement." Actually, even if Plaintiff were a member, there is no content that even concerns any particular member of the "Sovereign Movement" except "MONTY WAYNE ERVIN" or Jerry and Joe Kane and Plaintiff does not allege he is MONTY WAYNE ERVIN (or Monty Irvin or Monty Wayne Ervin) or Jerry or Joe Kane. Incidentally, the Kanes are reported to have been killed in a fire-fight with officers in Arkansas. Since under libel law you cannot libel the dead, references to them will be omitted going forward. Fitch v. Voit, 624 So. 2d 542, 543-44 (Ala. 1993).

Thankfully, under our rule of law "truth" is a complete defense to a defamation action. ALA. CONST. Art. I, § 13; ALA. CODE § 6-5-183 (1975); Mooneyham v. State Bd. of Chiropractic Exam'rs, 802 So.2d 200 (Ala. 2001); Ripps v. Herrington, 241 Ala. 209, 1 So. 2d 899 (1941); Kirkpatrick v. Journal Publ'g Co., 210 Ala. 10, 97 So. 58 (1923). Substantial truth, not literal truth, was all that was required to defeat a falsity assertion. Ala. Ride Co. v. Vance, 235 Ala. 263, 178 So. 438 (1938); Kirkpatrick, 210 Ala. at 10, 97 So. at 58. To establish a prima facie case, the Plaintiff must show that the Defendant published a false and defamatory statement concerning the Plaintiff to a third person. Nelson v.

4

Lapeyrouse Grain Corp., 534 So. 2d 1085 (Ala. 1988). *See* Ala. Pattern Jury Instructions (Civil) § 23.00 (2010). To prevail in this case, whomever *Monty Wayne Irvin* is would have to prove that: (1) Irvin never spent approximately 17 days in jail after being ticketed for the violations listed in the article; (2) Irvin was never arrested for conspiracy or tax evasion; (3) the "movement" is not considered a domestic terrorist threat by the FBI; or that (4) "Sovereigns" have not filed frivolous liens and lawsuits against judges, law enforcement or others. Everything else in the article is merely a description of the movement that contains no statements potentially defamatory concerning anyone, including any potential member of the "Sovereigns."

     Finally, the words complained of must be shown by the Plaintiff to be of and concerning the Plaintiff. ALA. CODE § 6-5-182 (1975). Although specific identity is not required, the Plaintiff must be reasonably capable of being identified. New York Times v. Sullivan, 273 Ala. 656, 144 So. 2d 25 (1962), *rev'd on other grounds*, 376 U.S. 254 (1964). The article and letter to the editor in question does not name the Plaintiff and Plaintiff alleges no facts that would indicate the general reference to Irvin or the "Sovereign Movement" would be reasonably associated to refer only to him. Wherefore, for the above stated reasons this Court should grant this Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c).

In the alternative, the Court should dismiss the claims of Plaintiff for failing to state a claim.  As the Court has already noted, the article attached to the complaint only discusses the Sovereign Movement in general and Plaintiff fails to claim association with this group "and also fails to specify which statements in the article, if any, are defamatory or libelous." [Doc. 14, p.3, n.2].  The Court also noted: "Mr. Turner is never mentioned by name in the article." *Id.* In light of this, the Court should dismiss Plaintiff's complaint against *The Dothan Eagle* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).

                              */s/ Dennis R. Bailey*
                              Dennis R. Bailey (BAI028)
                              Attorney for Defendant
                              "Dothan Eagle Newspaper"

Of counsel:
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rushtonstakely.com (e-mail)

**CERTIFICATE OF SERVICE**

Do to the number of other named parties heretofore not served, I hereby certify that I have served a copy of the foregoing document <u>only</u> upon the following pro se party and counsel of record by placing a copy of same in the United States Mail, first class postage prepaid, on this the 23rd day of March, 2012, and by efiling same with the United States District Court for the Middle District of Alabama.

> James Timothy Turner
> 285 East Broad Street
> Ozark, Alabama   36360
> Plaintiff
>
> Raymond J. Pollen
> Timothy Michael Johnson
> Crivello Carlson SC
> 710 N. Plankinton Avenue, Suite 500
> Milwaukee, WI   53203
> Attorneys for Outagamie County, Wisconsin

> > */s/ Dennis R. Bailey*
> > Of counsel